**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0165, <u>In re Name Change of Olivia Pottie;</u> <u>In re Name Change of Nathan Pottie</u>, the court on May 9, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The petitioner, Patricia Pate, the mother of the parties' children, appeals an order of the Circuit Court (<u>Christo</u>, J.), issued following a hearing, denying her petition to change the last name of the children from Pottie — the last name of the father, James Pottie — to Pate. We affirm.

We apply our discretionary standard of review to a trial court's order on a parent's petition to change a child's name. <u>In re Name Change of Goudreau</u>, 164 N.H. 335, 337 (2012). Under this standard, we consider only whether the record establishes an objective basis sufficient to sustain the trial court's decision. <u>Id</u>. at 338. We will not disturb the court's decision if it could reasonably have been made. <u>Id</u>.

On appeal, the mother first argues that the trial court erred by denying her petition because, she contends, the court unsustainably exercised its discretion when it declined to consider certain evidence pertaining to other criminal and domestic matters involving the parties. The mother notes that the trial court expressed concern that, given the timing of her petition, she may have been attempting to alienate the father, and argues that it was essential for the trial court to consider the criminal and domestic matters in order to refute the father's claim of parental alienation. Although the trial court was aware of those proceedings, and did permit some testimony relative to them, ultimately the question before the trial court was not who may or may not have been responsible for any purported parental alienation, but whether the mother had demonstrated that the proposed name change was in the children's best interests. <u>See</u> <u>Goudreau</u>, 164 N.H. at 337-40. Accordingly, we find no unsustainable exercise of discretion. <u>See id</u>. at 337-38; <u>In the Matter of Kamil & Kamil</u>, 173 N.H. 424, 437 (2020) (observing that the admissibility of evidence is a discretionary matter for the trial court, and explaining that to overturn such a ruling requires a showing that it was clearly untenable or unreasonable to the prejudice of a party's case).

The mother argues that the trial court erred by finding that she had failed to demonstrate that the proposed name change was in the children's best interests. We disagree. Although the mother emphasizes different facts and

conflicting evidence, and although reasonable minds could differ, our task is not to reweigh the evidence, but to determine whether the record establishes an objective basis sufficient to sustain the trial court's decision. See Goudreau, 164 N.H. at 337-38. Based upon our review of the record, and the trial court's reasoning set forth in its narrative order, we conclude that the trial court could reasonably have found that the mother had failed to establish that the proposed name change was in the children's best interests.

The mother also argues that the trial court erred by denying her motions to allow the children to testify. In denying the motions, the Trial Court (Weaver, J.) expressly found that they were untimely, and that the mother had failed to demonstrate that the children — then 9 and 13 years old — were mature minors. On appeal, the mother acknowledges that the motions were untimely, but nonetheless argues that the court erred because it "did not make express findings, and it is thus unclear what motivated the court to reject [the children's] testimony." As noted above, however, the trial court made express findings and explained its decision. We find no error.

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**